IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GRAY MANUFACTURING COMPANY, INC.,
        Plaintiff,

v.                                            Civil Action No. 3:19-cv-801

ASHBURN VOLUNTEER FIRE AND RESCUE
DEPARTMENT,
        Defendant.

## OPINION

Gray Manufacturing Company, Inc. ("Gray") owns Patent No. 10,457,536 B2 ("the '536 Patent") for a wireless vehicle lift. Sefac USA, Inc. ("Sefac"), sells wireless vehicle lifts allegedly similar to those manufactured by Gray. The Ashburn Volunteer Fire and Rescue Department ("AVFRD") purchased several wireless vehicle lifts from Sefac to raise its fire engines for maintenance. Gray filed this case against AVFRD, alleging that AVFRD infringed the '536 Patent by using the lifts it purchased from Sefac. AVFRD has moved to dismiss or, in the alternative, stay the case in light of a separate case between Gray and Sefac currently pending in the Eastern District of Pennsylvania ("EDPA"). (Dk. No. 17.) Because the parallel action will dispose of the major issues in this case, the Court will grant AVFRD's motion to dismiss.

## I. BACKGROUND

Sefac manufactures wireless vehicle lifts and has sold them to AVFRD. AVFRD used the lifts to raise and lower its vehicles for maintenance. After discovering AVFRD's use of the lifts, Gray sued AVFRD. Gray alleges that AVFRD directly infringed several claims of the '536 Patent.

Relevant here, Gray alleges that AVFRD's process of raising its vehicles for maintenance directly infringes the method disclosed in the '536 Patent. During the AVFRD maintenance process, the operator positions two individual lifts under a vehicle. Then, the operator powers on

each lift, which automatically raise the vehicle. (*See* Compl., Ex. B 15-23.) Essentially, Gray alleges that this method mirrors the method protected by the '536 Patent.

Two weeks after Gray filed this case, Sefac filed an action in the EDPA to declare the '536 Patent invalid and that hold that Sefac's lifts do not infringe that patent. That action remains pending. AVFRD moved to dismiss or, in the alternative, to stay this case in light of Sefac's pending case in the EDPA.[1] Although Sefac filed suit against Gray after this case started, AVFRD argues that the lawsuit between Gray—the patent holder—and Sefac—the manufacturer of the allegedly infringing product—predominates.

Gray argues that this case should proceed under the first-filed rule. Gray also argues that AVFRD's liability does not depend on Sefac's claim because AVFRD itself directly infringes the method disclosed in the '536 Patent. Thus, Gray argues that this action should predominate.

## II. DISCUSSION

### A. *Legal Standard*

The first-filed rule dictates that an earlier-filed case generally predominates over a parallel, later-filed one. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). Under this rule, a district court may choose to stay, dismiss, or transfer the later-filed action. *Commc'n Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020). A court has discretion to set aside this general rule in favor of "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. for Imaging, Inc.*, 394 F.3d at 1347.

The customer suit exception, however, provides that a lawsuit filed by a manufacturer seeking a declaratory judgment based on noninfringement or patent invalidity takes precedence

---

[1] Sefac will fully indemnify AVFRD for all costs arising from AVFRD's purchase and use of the lifts.

over an earlier-filed infringement action between a patent owner and a customer. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The customer suit exception recognizes "that the manufacturer of an allegedly infringing device is the real party in interest in a lawsuit against a mere customer." *Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008). Thus, a court should favor a manufacturer's declaratory judgment action over a patentee's suit against the customer when the patentee sues the customer for ordinary use of the manufacturer's product. *Ricoh Co., Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 557 (D. Del. 2003).

To properly apply the customer suit exception, a court must find that disposing of one case would also dispose of the other. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990). "[T]he manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue"—to justify applying the customer suit exception. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (quoting *Katz*, 909 F.2d at 1464). Proceeding with the manufacturer's lawsuit in this circumstance "facilitate[s] just, convenient, efficient, and less expensive determination." *In re Nintendo*, 756 F.3d at 1365.

Some federal district courts have concluded that the customer suit exception does not apply where a patent holder asserts method claims against a manufacturer's customer, reasoning that because the customer—and not the manufacturer—actually *uses* the allegedly infringing product or method, the customer must be the true defendant.[2] Other federal district courts, including this Court, have concluded that the exception applies even if the customer used the product or method

---

[2] *See, e.g., Regenlab USA LLC v. Estar Tech. Ltd.*, No. 16-cv-08771 (ALC), 2017 WL 3535008, at *6 (S.D.N.Y. Aug. 17, 2017); *In re Laughlin Prods., Inc.*, 265 F. Supp. 2d 525, 537-38 (E.D. Pa. 2003); *Zemel Bros., Inc. v. Dewey Elecs. Corp.*, No. 82-CV-103, 1982 WL 52212, at *1-2 (N.D.N.Y. May 21, 1982).

at issue.[3] In reaching this conclusion, courts have focused on whether the customer made ordinary use of the product at issue. *Ricoh Co., Ltd.*, 279 F. Supp. 2d at 557-58. Ultimately, in determining whether the customer suit exception applies, a court will consider the appropriate parties in interest and whether the later-filed declaratory judgment action will dispose of the major issues in the suit against the customer.

## B. *Application*

Here, AVFRD purchased several wireless vehicle lifts from Sefac. AVFRD uses the lifts as Sefac instructed and makes ordinary use of Sefac's product. *See Ricoh Co., Ltd.*, 279 F. Supp. 2d at 557. AVFRD did nothing more than position the lifts and turn them on. Gray does not allege that AVFRD modified the lifts or used them in a manner different from what Sefac instructed. Clearly, the real dispute lies between Sefac and Gray, with AVFRD an innocent customer.

Sefac's pending declaratory judgment action against Gray in the EDPA will resolve the major issues in this case. Because AVFRD uses the lifts exactly as Sefac instructed, a declaration in the EDPA case that the Sefac lifts do not infringe the '536 Patent or that the patent is invalid would determine whether Gray can hold AVFRD liable in this case. If Gray prevails in the declaratory judgment action, Sefac will fully indemnify AVFRD for all liability and costs of defense arising from AVFRD's purchase and use of the lifts. Accordingly, because Gray and Sefac are the real parties in interest and the EDPA case will likely dispose of the major issues in this case, the customer suit exception applies.

---

[3] *See Capital Sec. Sys., Inc. v. ABNB Fed. Credit Union*, Nos. 2:14-cv-265, 2:14-cv-166, 2014 WL 5334270, at *3 (E.D. Va. Oct. 20, 2014); *see, e.g., Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 2:12-cv-00003-NT, 2013 WL 1099754, at *5 (D. Me. Mar. 15, 2013); *Card Activation Tech. v. Pier 1 Imports, Inc.*, No. 09 C 2021, 2009 WL 2956926, at *3 (N.D. Ill. Sept. 14, 2009).

## III. CONCLUSION

For the foregoing reasons, the customer suit exception applies to this case. Accordingly, the Court will grant AVFRD's motion to dismiss or stay and will dismiss this case without prejudice.[4]

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 12 August 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[4] District courts have the discretion to dismiss a lawsuit for judicial and litigant economy. See *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995).